IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARSHON CARNEY and** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **08-709-CJP** |
| | ) |
| **MILLIS TRANSFER, INC., and** | ) |
| **GARY SCHMIDT,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. **(Doc. 99)**. Defendants filed a response and memorandum in opposition at **Docs. 116 and 117.**

This case arises out of a vehicular accident which occurred on July 20, 2008, at the intersection of Forest Street and Kingshighway (Illinois Route 111) in Washington Park, Illinois. Plaintiff was driving a white Oldsmobile and defendant Gary Schmidt was driving a tractor-trailer owned by defendant Millis Transfer, Inc.

According to plaintiff, his Oldsmobile was stopped in the left turn lane at the stop sign on eastbound Forest Street, and defendant Schmidt was stopped in the through lane to his right. The collision occurred when both vehicles were attempting to turn left onto Kingshighway. In contrast, Schmidt maintains that he entered the intersection from the left turn lane. **See, Doc. 99, p. 2.**

This motion seeks summary judgment with reference to paragraphs 3 and 4 of defendants' affirmative defenses, as set forth in their answers to the Third Amended Complaint.

Those paragraphs read as follows:

> 3. Plaintiff's injuries were the direct and proximate result of third parties over whom this defendant had no control. As a result of said negligence of third parties, Defendant is entitled to be dismissed with his costs herein on the basis that said negligence constitutes an intervening and superseding cause.
>
> 4. Plaintiff's injuries were the direct and proximate result of the negligence of third parties over whom this Defendant had no control. Based upon principles of comparative fault, defendant is entitled to an offset or reduction in any verdict or judgment equal to that portion of fault allocated among all tortfeasors.

**See, Doc. 60 at page 6; Doc. 61 at page 6**.

Plaintiff argues that he is entitled to summary judgment as to these affirmative defenses because there is no dispute as to the fact that the accident involved only the vehicles of plaintiff and defendants. Thus, there was no "third party" whose negligence contributed to his injuries.

### Standard for Summary Judgment

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 563 (7th Cir. 2009), *citing* **Fed. R. Civ. P. 56(c).** *Accord, Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. Cir. 2008); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008)**.**

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Plaintiff). *Lloyd v. Swifty*

*Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather, the non-movant must provide evidence on which the jury or court could find in *his* favor. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).

### Analysis

This motion is easily resolved. In their response, defendants admit that there was no "third party" involved in causing the collision. **See, Doc. 116**, Defendants' Response to Plaintiff's Statement of Uncontroverted Facts. In their memorandum in opposition, defendants make the following concessions:

> There *is* simply no evidence in the record which supports any contention that the motor vehicle accident in question was not a result of a party which is privy to this case. Defendants have not and do not intend to argue that there were any other vehicles or individuals involved in or potentially at fault for this collision outside of the present parties. On this basis, Defendants concede that Plaintiff is entitled to a summary judgment with respect to Affirmative Defense Nos. 3 &4, whereas this *collision* was not the direct and proximate result of the negligence of third parties over whom this defendant had no control.

**Doc. 117, pp. 4-5 (emphasis in original)**.

Defendants go on to argue, however, that there is an issue of fact as to whether the extent of plaintiff's injuries resulted from the negligence of his doctor in performing an "unnecessary" lumbar fusion. **See, Doc. 117, p. 6**. Defendants offer as exhibits portions of the depositions of Drs. Katz and Marchosky, who will testify that the surgery was unnecessary. **Doc. 117, Ex. 1-3.**

Defendants are responding to a point that was not raised in plaintiff's motion. A fair reading of plaintiff's motion is that he seeks summary judgment on the affirmative defenses

insofar as there is no evidence that the collision was the result of the actions of any third party, or that any third party "caused or contributed to cause the motor vehicle crash." **Doc. 99, p.6**. Defendants have conceded that he is entitled to summary judgment as to that point.

Defendants' argument that the extent of plaintiff's injuries resulted from the actions of a third party (his doctor) and that they are not liable for the damages caused by the surgery goes far beyond the grounds set forth in plaintiff's motion for summary judgment. Defendants' position is not fully briefed; their "legal analysis" consists of parsing the language of a section of the *Restatement (Second) of Torts*. The issue is not ripe for determination. Thus, the Court expresses no opinion as to whether defendants are correct in their assertion that they would not be liable for damages resulting from the surgery if they can show that the surgery was not necessary.

## Conclusion

For the reasons explained above, Plaintiff's Motion for Partial Summary Judgment (**Doc. 99**) is **GRANTED** as to the affirmative defenses 3 and 4, with reference only to the issue of the cause of the collision.

**IT IS SO ORDERED.**

**DATE:  June 7, 2010.**

                                          s/ Clifford J. Proud
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**