IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARSHON CARNEY and** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **08-709-CJP** |
| | ) |
| **MILLIS TRANSFER, INC., and** | ) |
| **GARY SCHMIDT,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (**Doc. 86**). Plaintiff filed a response and a memorandum in opposition at **Docs. 96 and 97.** Defendants then filed a reply at **Doc. 98.**

This case arises out of a vehicular accident which occurred on July 20, 2008, at the intersection of Forest Street and Kingshighway (Illinois Route 111) in Washington Park, Illinois. Plaintiff was driving a white Oldsmobile and defendant Gary Schmidt was driving a tractor-trailer owned by defendant Millis Transfer, Inc.

According to plaintiff, his Oldsmobile was stopped in the left turn lane at the stop sign on eastbound Forest Street, and defendant Schmidt was stopped in the through lane to his right. The collision occurred when both vehicles were attempting to turn left onto Kingshighway. Plaintiff maintains that his car turned left into the intersection from the left-turn lane. **Doc. 87, p.1.**

Defendants' motion and memorandum are vague as to defendant Schmidt's version of the events. However, a copy of Schmidt's deposition was filed as Exhibit 1 to **Doc. 99.** A review

1

thereof indicates that Schmidt testified that he was lost at the time of the accident, and was trying to find his way back to the Interstate. **Doc. 99, Ex. 1, p. 102.** He maintains that he entered the intersection from the left turn lane, and he testified that he does not know where plaintiff's car came from as he did not see it before the accident. **Doc. 99, Ex. 1, pp. 106; 116.**

This motion seeks summary judgment only with reference to plaintiff's claims that Schmidt had been driving while tired and/or fatigued, and that Schmidt was operating the truck in excess of the number of hours allowed by Federal Motor Carrier Safety Regulations. These allegations are made in the Third Amended Complaint, Doc. 55, Count 1, paragraphs 38(j) and (m); Count 2, paragraphs 45(j) and (m); and Count 3, paragraph 51.

## Standard for Summary Judgment

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 563 (7th Cir. 2009), *citing* **Fed. R. Civ. P. 56(c).** *Accord, Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. Cir. 2008); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, plaintiff). *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather,

the non-movant must provide evidence on which the jury or court could find in *his* favor. ***Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).**

## Analysis

Defendants acknowledge that information has been produced in discovery which suggests that there are discrepancies between the driver logs kept by defendant Schmidt and the Vehicle Position History (Qualcomm) records. **See, Doc. 87, p. 4**. However, they argue that there is no evidence that Schmidt was fatigued or tired at the time of the accident. They point out that Schmidt denied being tired in his deposition, and that experts for both plaintiff and defendants have testified that there is no evidence to suggest that Schmidt was fatigued or tired. **Doc. 87, pp. 5-6**. They also argue that, despite the discrepancies in the drivers log, plaintiff will not be able to prove an hours of service violation on the day of the accident.

In response, plaintiff states that the applicable regulations required Schmidt to take an eight hour consecutive break in the sleeper berth before beginning to drive the truck on the day of the accident. Plaintiff points out that defendants' own expert, Andy Sievers, performed a reconstruction of Schmidt's logs, and concluded that Schmidt spent only 7 hours and 45 minutes in the sleeper berth before going on duty on the day of the accident. **Doc. 97, pp. 10-11.**

This Court concludes that plaintiff has demonstrated that there is a genuine issue as to whether defendant Schmidt was operating the truck in violation of the applicable regulations at the time of the accident. The obvious purpose of the hours of service regulations is to prevent truckers from driving while fatigued; expert witnesses for both plaintiff and defendants have so testified. **Doc. 97, p. 12.**

Defendants argue that the alleged hours of service violation and the issue of fatigue are

3

not material.  This argument is based in large part on Schmidt's denial that he was fatigued, and on the testimony of the accident reconstruction experts that they see no evidence of fatigue.  However, the jury is not bound to accept Schmidt's self-serving testimony that he was not fatigued, any more than it is bound to accept the expert witnesses' view of the evidence.

In sum, there is a genuine issue as to whether Schmidt was driving in violation of the applicable hours of service regulations, and whether, as a result, he was fatigued at the time of the accident.  As the record now stands, the Court is unable to find that these issues are not material.  Therefore,  Defendants' Motion for Partial Summary Judgment **(Doc. 86)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE:  August 23, 2010.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**